UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 21-cr-20030
Hon. Matthew F. Leitman

v.

ABEL ALEJANDRO ORTIZ,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR PRE-SENTENCE RELEASE (ECF No. 24)

On February 22, 2021, Defendant Abel Alejandro Ortiz pleaded guilty to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His sentencing is scheduled for June 24, 2021. (*See* Dkt.)

Ortiz is currently in custody as he awaits sentencing. (*See* Consent Order of Detention, ECF No. 11.) On April 20, 2021, Ortiz filed a motion in which he asks the Court to release him from custody until he is sentenced. (*See* Mot., ECF No. 24.) Ortiz says that his fiancée is pregnant with their child, and he seeks release so that he can attend doctors' appointments with her, attend the birth of their child, and attend post-birth medical appointments. (*See id.*)

In order to be entitled to release pending sentencing, Ortiz must present "clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety

1

of any other person or the community if released." 18 U.S.C. § 3143(a). When determining whether Ortiz has met this burden, this Court considers the following factors: "(1) the nature and circumstances of the offense charged, including whether the offense involved a firearm or controlled substance; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning court proceedings; and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

For the reasons explained in the Government's response to Ortiz' motion (*see* Resp., ECF No. 25), the Court cannot find, by clear and convincing evidence, that Ortiz would not pose a danger to the community if the Court were to release him until sentencing. The Court acknowledges that it previously released Ortiz from custody so that he could attend the funeral of his brother and that Ortiz fully complied with the terms of that release. But that release was for a very short period of time – only twelve hours – and required Ortiz to travel directly to the funeral and

to return immediately afterwards. The Court does not believe that it can extrapolate from that limited release to the conclusion that Ortiz would not pose a danger to the community if released for a substantially longer period of time (nearly two months) where he will be exposed to the temptations and challenges related to his past offenses.

For all of the reasons stated above, Ortiz' motion (ECF No. 24) is **DENIED**.[1]

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: April 29, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 29, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764

---

[1] The Court concludes that it may properly resolve this motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).